On an appeal, brought up by petition, from the Court of Eluvanna County.
An action of debt was instituted on the common law side of the Court of Eluvanna, in the name of John Williamson, jan. ^against the appellee. After a judgment was obtained, the defendant at law filed a bill in equity praying an injunction to the judgment, on the ground that the plaintiff (John Williamson, jun.) was dead at the time of commencing the suit. To this bill there was a demurrer for want of equity. It having .been discovered that John Williamson, jun. was in truth dead, the demurrer was withdrawn, and the administrator with his will annexed admitted a party defendant, who also filed a demurrer to the equity of the bill; which demurrer, on argument, was overruled.
Hening, in support of the petition for an appeal, stated that the County Court ought not to have received the bill of injunction ; and, having received it, ought to have sustained the demurrer.
It is clear that a Court of Equity had no jurisdiction over this case ; it being a mere error in fact, which ought to have been corrected by a writ of error, coram nobis. (Lill. Abr. 704, pl. C. Imp. Pract. K. B. 532, 2 Sound. 101 a. Williams’s notes.)
The impropriety of making a party a defendant, in the first instance, whom the complainant himself admitted to be dead, must be obvious. As no process of the Court could reach the party who was dead, this irregularity imposed on his represen ta-tive the necessity of being admitted a party, that there might be an end of the cause. But, in deciding the cause upon the demurrer, which was properly filed, the Court ought to have sustained it.
Decree of Eluvanna Court, overruling the demurrer, reversed with costs.
*102 *0n the first of January, 1807, Paue CARRINGTON, Esq. one of the Judges of the Supreme Court of Appeals, resigned his office ; and inclosed his commission in the following letter, addressed to the Governor :
“ Charlotte County, January 1, 1807.
“ Sir,
“ Having’ served my country forty-two years without intermission ; twenty-nine of those years devoted to the'judiciary department ; and being now in the seventy-fifth year of my age ; I think it time for me to retire from public business, to the exalted station of a private citizen. Under this impression, I think proper to resign my office of a Judge of the Court of Appeals. Inclosed is my commission, with a resignation annexed; and I no longer consider myself a member of that honourable Court. This you will be pleased to communicate to the honourable General Assembly, now in session, to whom my highest respects are tendered, with a well-founded hope, that their honest labours may promote the public welfare.
“ With my compliments and unfeigned respects to that honourable body, your aids an associates,
“ I am, most affectionately,
“ Your friend and fellow-citizen, Paul Carrington.
“ His Excellency “William H. Cabell, Esq.
“Governor of Virginia, Richmond.”
During this session of the Eegislature, an act passed declaring that the vacancy which had occurred by the resignation of Paul Car-rington, Esq. of his office of Judge of the Court of Appeals, should not be supplied by the appointment of a successor: that the said Court should hereafter consist of four Judges, any three of whom to constitute a Court, till another vacancy should occur; after *which event, the Court should consist of three Judges, any two of whom should constitute a Court.
The terms of the Court were also altered.— Before the passing of this act, the Supreme Court of Appeals held two terms in the year ; one commencing the 10th of April, the other the 10th of October; and were unlimited in their sessions. By the act of 1806, (chap. 22. —see also Rev. Code, vol. 2, chap. 102,) there are to be three terms, as follows, viz.
The 1st to commence the 1st day of Jan. and continue 45 juridical days.
The 2d to commence the 1st of June, and continue 36 juridical days.
The 3d to commence the 5th of October, and continue 45 juridical days.
*** The terms have been again altered, at the request of the Judges. — They now areas follows. (See Rev. Code, vol. 2, c. 115, p. 145.)
The 1st to commence the 1st day of March, and continue 27 juridical days.
The 2d to commence the 15th of April, and continue 44 j uridical days.
The 3d to commence the 1st of October, and continue 55 juridical days.